**FILED**
**February 1, 2022**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**BRENT BAKER,**
**Claimant Below, Petitioner**

**vs.)   No. 20-0669** (BOR Appeal No. 2055043)
                        (Claim No. 2018021178)

**EXCEL SITE RENTALS, INC.,**
**Employer Below, Respondent**

# MEMORANDUM DECISION

Petitioner Brent Baker, by Counsel J. Thomas Greene Jr., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Excel Site Rentals, Inc., by Counsel Jordan Martin and Jeffrey B. Brannon, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on April 9, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its January 13, 2020, Order. The Order was affirmed by the Board of Review on July 30, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

> (c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the

1

Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Baker, an equipment technician, alleges that he was injured while lifting a pallet at work on January 10, 2018. A treatment note from West Virginia University Hospital Emergency Department that day indicates Mr. Baker injured his back at work three days prior while lifting. Mr. Baker stated that his symptoms were mild but then worsened. He admitted to back problems four years prior but stated that he was treated.[1] X-rays were taken that day and showed no significant degenerative changes. Mr. Baker was diagnosed with low back pain radiating into the leg.

On January 17, 2017, Mr. Baker sought treatment from David Lynch, M.D., who noted that Mr. Baker developed severe low back pain after lifting a pallet from the back of his truck. Mr. Baker also reported numbness in his right lower extremity. Dr. Lynch diagnosed lumbar radiculopathy, lumbosacral strain, and right ankle weakness. Mr. Baker returned to West Virginia University Hospital Emergency Department for increased back pain radiating into the right lower extremity. He was diagnosed with unspecified sciatica.

In a Marcy 8, 2018, treatment note, Marisa Strother, PA, indicated she treated Mr. Baker for low back pain. She noted that a lumbar CT scan showed an L5-S1 disc extrusion with moderate stenosis and a disc bulge at L4-5. Ms. Strother diagnosed lumbago with right-sided sciatica and recommended physical therapy. On March 16, 2018, Dr. Lynch stated that he reviewed the lumbar CT scan. He diagnosed large L5-S1 disc extrusion and right leg pain and weakness.

The Employer's Report of Injury was completed on March 19, 2018, and indicates Mr. Baker injured his lower back on January 10, 2018, while pushing tools off of a pallet. The employer did not question the injury. It was noted that there may have been a witness to the injury, but they no longer worked for the company. The March 22, 2018, Employees' and Physicians' Report of Injury indicates Mr. Baker injured his back and sciatic nerve while pushing a pallet. The diagnosis was listed as lumbago with right side sciatica.

---

[1]A December 11, 2015, treatment note from Kalkaska Medical Associates indicates Mr. Baker was seen for low back pain that radiated into his glutes. Lumbar spine x-rays were normal. Mr. Baker was diagnosed with low back pain. On March 13, 2017, Mr. Baker sought treatment from Elk Rapids Chiropractic Center for low back pain with numbness, leg pain, and cramps.

March 28, 2018, treatment notes from West Virginia University Hospital indicate Mr. Baker was admitted for right leg pain due to a disc herniation. An MRI was performed on March 28, 2018, and showed a large L5-S1 disc extrusion causing impingement, and well as a disc bulge and facet joint hypertrophy at L4-5. Mr. Baker was discharged on March 31, 2018, with the diagnoses of bulging L5-S1 disc, dehydration, and right leg pain due to a disc herniation.

Mr. Baker saw Scott Daffner, M.D., on April 4, 2018. Dr. Daffner noted that Mr. Baker's sensory examination showed reduced sensation in the right L5 distribution and almost no sensation in the S1 distribution. Dr. Daffner stated that Mr. Baker had intractable pain, objective weakness, and little response to nonoperative treatment. He recommended a right L5-S1 microdiscectomy. The claims administrator rejected the claim on April 9, 2018.

Mr. Baker testified in an August 29, 2018, deposition that on the day of his injury, he was removing equipment from a pallet. While moving the pallet, Mr. Baker felt pain in his back. Mr. Baker finished his shift that day, but his pain and stiffness increased causing him to seek treatment. Mr. Baker stated that he eventually underwent lumbar spine surgery performed by Dr. Daffner. Mr. Baker stated that he was working a new job with a reduced functional capacity. On cross examination, Mr. Baker denied any prior back injuries. He stated that the only back treatment he had received was yearly adjustments.

In an April 9, 2019, Order, the Office of Judges reversed the claims administrator's April 9, 2018, denial of the claim an held the claim compensable for L5-S1 herniated disc. The Office of Judges also amended the date of injury from January 10, 2018, to January 7, 2018. It noted that Mr. Baker sought treatment on January 10, 2018, but reported that he injured himself at work three days prior. Further, Mr. Baker testified that he did not seek treatment until three days after the injury occurred. The Office of Judges concluded that a preponderance of the evidence indicates Mr. Baker sustained a herniated L5-S1 lumbar disc in the course of his employment. It found that there was no evidence Mr. Baker suffered from the condition prior to the work injury. An MRI confirmed the herniated disc, and Mr. Baker's symptoms were consistent with an L5-S1 herniated disc.

The Board of Review remanded the case back to the Office of Judges on August 16, 2019. Regarding the amended date of injury, the Board stated that January 7, 2018, was a Sunday and the employer's business is not open on Sundays. The Board of Review found that additional evidence is needed to determine the date of injury. The Board also found that additional evidence is necessary to determine if a compensable injury occurred. The Office of Judges held the claim compensable for herniated L5-S1 disc, but the Report of Injury listed the injury as lumbago with right sided sciatica.

The employer submitted a statement of missed days indicating Mr. Baker missed work from January 9, 2018, through January 21, 2018, and from February 26, 2018, through March 4, 2018, due to his low back issues. The employer also submitted its Hours of Operation stating that it is open Monday through Friday and Saturdays and Sundays as needed. It noted that someone is always on call on the weekend. Finally, the employer submitted Mr. Baker's Timecard Report. It

3

indicated that Mr. Baker did not work on January 7, 2018. However, he did work on January 10, 2018. It was noted that Mr. Baker went to the hospital after closing on January 10, 2018. Mr. Baker then worked from January 11, 2018, through January 17, 2018.

The Office of Judges affirmed the claims administrator's rejection of the claim in its January 13, 2020, Order. Regarding the date of injury, the Office of Judges determined that Mr. Baker originally indicated he was injured on January 10, 2018. However, on remand, the Office of Judges amended the date to January 7, 2018. Subsequently, the employer submitted evidence indicating Mr. Baker did not work on January 7, 2018, but did work on January 10, 2018. The Office of Judges noted that Mr. Baker's timecard reflects that he sought treatment on January 10, 2018. Therefore, the Office of Judges amended the date of injury to January 10, 2018.

Regarding compensability, the Office of Judges found that Mr. Baker sought treatment for the alleged injury on January 10, 2018. At that time, he reported that he injured his back three days prior while lifting a pallet at work. However, the employer submitted timecard evidence showing that Mr. Baker did not work on January 7, 2018. In his deposition, Mr. Baker testified that he was injured on January 10, 2018, around 1:00 p.m., and finished his shift that day. However, the timecard submitted by the employer shows that Mr. Baker only worked two hours and fifteen minutes that day and then left work to seek treatment for his back. The Office of Judges concluded that Mr. Baker failed to meet his burden of proof showing that he was injured in the course of and resulting from his employment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 30, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-1, employees who receive injuries in the course of and as a result of their covered employment are entitled to benefits. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). The burden of proof in a workers' compensation claim is on the claimant. The evidence presented indicates that prior to the compensable injury, Mr. Baker was treated for low back pain with leg pain and cramping, symptoms similar to those he experienced after his alleged injury. Further, the date of injury cannot be determined based on the record. When Mr. Baker sought treatment on January 10, 2018, he reported that he injured his back three days prior. January 7, 2018, was a Sunday, and Mr. Baker did not work that day. Mr. Baker later testified that he was injured on January 10, 2018, but it must be considered that the January 10, 2018, treatment note from West Virginia University Hospital Emergency Department states that Mr. Baker was injured three days prior. Therefore, Mr. Baker has failed to submit sufficient evidence to find that he sustained a compensable injury.

Affirmed.

**ISSUED: February 1, 2022**


**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins

**DISSENTING:**

Justice William R. Wooton

WOOTON, Justice, dissenting:

I respectfully dissent to the majority's affirmance of the Board of Review's decision in a memorandum decision that denies petitioner Brent Baker compensability for his injury. The rationale upon which the denial is based focuses not upon the evidence of injury but upon relatively minor discrepancies in petitioner's memory of the actual accident. For this reason, I would have set this case for oral argument on the Rule 19 docket to thoroughly review the appendix record.

The issue is whether petitioner sustained a work-related injury while lifting a pallet at work on January 10, 2018. Compensability for an injury for purposes of workers' compensation is determined by three elements that must coexist: 1) a personal injury; 2) received in the course of employment; and 3) resulting from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Compensation Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970); *accord Jordan v. State Workmen's Compensation Comm'r*, 156 W. Va. 159, 163, 191 S.E.21d 497, 500 (1972).

Here, the majority determines that "[t]he Office of Judges concluded that Mr. Baker failed to meet his burden of proof showing that he was injured in the course of and resulting from his employment[,]" which decision was then affirmed by the Board of Review. However, there was evidence that petitioner suffered a work-related injury. This consisted of the Employer's "Timecard Report with Notes" for petitioner that indicated petitioner worked a full day on January 10, 2018, and went to the hospital after the close of business on that day.[2] Additionally, the Employer's Report of Injury that was completed on March 19, 2018, indicates that petitioner injured his lower back on January 10, 2018, while pushing tools off a pallet. The employer did not question the injury. Further, there is a March 22, 2018, Employees' and Physicians' Report of Injury, which indicates petitioner injured his back and sciatic nerve while pushing a pallet. The

---

[2] However, there is another reference in both the memorandum decision and the decision of the Office of Judges which indicates that "the claimant's timecard report indicates that he only worked 2 hours and 15 minutes on January 10, 2018; and that he left work at 10:15 a.m. to go to the hospital."

diagnosis was listed as lumbago with right side sciatica.  Finally, petitioner testified that he was injured on January 10, 2018, around 1:00 p.m., and finished his shift that day.

Further, evidence of petitioner's injury is gleaned from a treatment note dated January 10, 2018, from the West Virginia University Hospital Emergency Department. Again, there is a discrepancy in the initial date of injury as petitioner indicated that he was injured at work three days prior to January 10, 2018.  However, the evidence also demonstrates that the January 7, 2018, date was corrected in the Employer's Report of Injury completed on March 19, 2018, which indicates petitioner injured his back on January 10, 2018, while pushing tools off a pallet.

Despite the above-mentioned differences – all of which concern the date of injury and how long petitioner worked that day – there is overwhelming evidence that supports finding that on January 10, 2018, petitioner suffered an injury while at work and as a result of his employment. *See id*.  Rather than seizing upon this evidence of a workplace injury, the majority memorandum decision, like the decisions of Office of Judges and Board of Review below, focus upon petitioner's relatively minor discrepancies in regard to the timing of the workplace accident causing his injury as a justification for denying compensability.

For the foregoing reasons, I respectfully dissent.